IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-281-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| MATTHEW EARL JOHNSON, | ) |
| | ) |

This cause comes before the Court on a motion by defendant, proceeding *pro se*, for "reconsideration 18 U.S.C. 3742(e) post-sentencing rehabilitation programming." [DE 46]. Although it is clear that defendant desires a resentencing based on his post-sentencing rehabilitation as evidenced by the over 30 certificates he has earned while incarcerated, it is unclear under exactly which provision defendant is attempting to proceed. 18 U.S.C. § 3742(e) was expressly severed and excised from the Sentencing Reform Act of 1984 by the supreme court. *United States v. Booker*, 543 U.S. 220, 246 (2005). Defendant also argues that *Pepper v. United States*, supports a reduction in his case, but in *Pepper*, the defendant's sentence was set aside on appeal when the district court conducted a resentencing and considered his post-sentencing conduct. 131 S. Ct. 1229, 1236 (2011).

Regardless, 18 U.S.C. § 3742 does not, "grant jurisdiction to a district court to review a final sentence." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). Defendant does not raise any issues with the soundness of his sentencing; he merely argues that his post-sentencing behavior entitles him to a sentence reduction at this point in time. Therefore, the Court does not construe his motion as one to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, defendant has articulated no authority that would allow his sentence to be reduced

pursuant to his post-sentencing conduct without a predicate re-opening of his final sentence. Accordingly, his motion is DENIED.

SO ORDERED, this \_\_11\_\_ day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2