# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Matthew Earl Johnson**                              **Docket No. 5:02-CR-281-1M**

### Petition for Action on Supervised Release

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Matthew Earl Johnson, who upon an earlier plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute at Least 50 Grams of Cocaine Base (Crack), in violation of 21 U.S.C. § 846, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on June 19, 2003, to the custody of the Bureau of Prisons for a term of 240 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 10 years.

On April 19, 2019, upon motion of the defendant, his sentence was reduced from 240 months to 130 months in the Bureau of Prisons. The defendant's term of supervised release was also reduced from 10 years to 8 years.

Matthew Earl Johnson was released from custody on April 23, 2019, at which time the term of supervised release commenced.

On May 11, 2020, a Violation Report was submitted to the court advising the defendant was charged with Driving While Impaired and Driving While License Revoked in Wilson County, North Carolina (20CR1209). The defendant admitted to operating the motor vehicle but denied driving impaired. Johnson was verbally reprimanded, and it was respectfully recommended that the defendant be continued on supervision pending adjudication at the state of the Driving While Impaired charge and the court agreed.

On October 26, 2020, a Petition for Action was submitted to the court advising the court of a positive urinalysis screen for cocaine, associating with persons engaged in criminal activity, and operating a motor vehicle without a license. As a sanction for these violations, the court ordered the defendant to be placed on a curfew for 30 days with location monitoring. The defendant successfully completed this sanction on November 27, 2020.

On November 8, 2021, a Petition for Action was submitted to the court advising the defendant pled guilty to Driving While Impaired, Level 5, in Wilson County District Court (20CR1209). Johnson was sentenced to 3 years unsupervised probation, and the Driving While License Revoked associated with this charge was dismissed. Additionally, the defendant was charged with Driving While License Revoked on May 24, 2021, in Wilson County, North Carolina (21CR702662) and failed to report his contact with law enforcement. As a sanction for the defendant's conduct, it was recommended that Johnson adhere to a curfew for a period of 90 consecutive days and submit to Radio Frequency Location Monitoring. Johnson signed a Waiver of Hearing agreeing to the modification and the court agreed.

On May 8, 2026, this case was reassigned to Your Honor.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. The defendant shall not leave the judicial district without the permission of the court or probation officer.

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support his or her dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer ten days prior to any change in residence or employment.

7. The defendant shall refrain from excessive use of alcohol.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10. The defendant shall permit the probation officer to visit him or her at any time at home or elsewhere and shall permit the confiscation of any contraband observed in plain view of the probation officer.

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

Matthew Earl Johnson
Docket No. 5:02-CR-281-1M
Petition For Action
Page 3

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: June 24, 2026

Matthew Earl Johnson
Docket No. 5:02-CR-281-1M
Petition For Action
Page 4

## ORDER OF THE COURT

Considered and ordered this __25th__ day of ___June___, 2026, and ordered filed and made a part of the records in the above case.

_Richard E Myers II_
Richard E. Myers II
Chief U.S. District Judge